STATE OF NORTH CAROLINA v. WILLIAM JUAN TAYLOR

No. COA96-1195

(Filed 20 January 1998)

**1. Constitutional Law § 165 (NCI4th)— second-degree rape— prior 1993 delinquency adjudication for rape—use as aggravating factor—no ex post facto violation**

The trial court did not violate the *ex post facto* clauses of the state or federal constitutions when sentencing defendant as an adult for second-degree rape by considering defendant's previous adjudication of delinquency based on another second-degree rape in 1993, even though the current statute was not in effect in 1993. The new sentencing statute does not retroactively punish conduct that was innocent when done in that the 1993 conduct was indisputably proscribed at that time, and does not aggravate the 1993 delinquency adjudication or inflict a greater punishment for that conduct than allowed at that time. The question of the level assigned to the delinquency adjudication was not raised at trial.

**2. Constitutional Law § 161 (NCI4th)— second-degree rape— prior delinquency adjudication—aggravating factor—current sentencing law not in effect at prior adjudication—no due process violation**

Due process principles were not violated by the consideration of a prior adjudication of delinquency based on rape when sentencing defendant as a adult for another second-degree rape even though the current sentencing law was not in effect at the prior adjudication. The sentencing statute was in effect at the time of this offense and defendant had notice that punishment for this crime was subject to aggravation by virtue of the delinquency adjudication. Furthermore, although defendant contends that the defense strategy would have been more adversarial in 1993 had his counsel known that an adjudication could follow defendant into adult court, defendant was afforded the full benefits of the adversarial system in the 1993 adjudication.

**3. Appeal and Error § 155 (NCI4th)— second-degree rape— prior delinquency adjudication as aggravating factor— judicial estoppel—issue not preserved**

A second-degree rape defendant being tried as an adult did not properly preserve his argument that the doctrine of judicial

STATE v. TAYLOR

[128 N.C. App. 394 (1998)]

estoppel precluded the State from considering a prior adjudication of delinquency as an aggravating factor where the assistant district attorney at the transfer hearing took the position that the adjudication could not be used but a different assistant district attorney utilized the adjudication at trial. The record references cited by defendant do not reflect an affirmative request for a ruling on the applicability of the doctrine and plain error analysis is precluded because the doctrine is invoked in the court's discretion.

**4. Evidence and Witnesses §§ 1246, 1343 (NCI4th)— second-degree rape—confession—voir dire hearing—constitutional rights—waiver**

The trial court did not err in the second-degree rape prosecution of a juvenile as an adult by admitting defendant's confession into evidence where the court held a *voir dire*, found that defendant was fully advised of his rights, understood the warnings given to him, the nature of his rights, and the consequence of waiving those rights, and concluded that defendant knowingly, understandingly, and willingly waived his constitutional and statutory rights. While other states require that the state establish that a juvenile was advised of the possibility of being tried as an adult, no such requirement has been established in North Carolina. N.C.G.S. § 7A-595.

**5. Infants or Minors § 99 (NCI4th)— juvenile transfer statute—not unconstitutionally vague**

The juvenile transfer statute, N.C.G.S. § 7A-610(a), is not unconstitutionally vague.

Appeal by defendant from judgment entered 19 April 1996 by Judge John M. Gardner in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 June 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General Elizabeth R. Bare, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Janine Crawley Fodor, for Defendant.*

JOHN, Judge.

Defendant appeals the trial court's judgment entered upon a jury verdict of guilty of second-degree rape. Defendant argues the court

erred by using his prior delinquency adjudication as an aggravating sentencing factor and by admitting defendant's confession into evidence. Defendant further maintains the juvenile court's decision to transfer his case to the superior court for trial must be vacated. We conclude defendant's contentions are unavailing.

Relevant facts and procedural history are as follows: Defendant was thirteen years old at the time of the instant alleged offense. A delinquency petition charging defendant committed second-degree rape was filed in Mecklenburg County Juvenile Court 20 March 1995. Following a probable cause hearing conducted 10 May 1995, the State moved to transfer jurisdiction to the superior court. The motion was granted 25 May 1995.

Defendant was indicted 27 November 1995 on one count of second-degree rape and one count of first-degree kidnapping. At the conclusion of trial on 11 April 1996, defendant was acquitted of the latter offense, but convicted of the former.

Judgment and commitment were rendered 19 April 1996. The trial court found as an aggravating factor that "[t]he defendant ha[d] previously been adjudicated delinquent for an offense that would be a Class C felony if committed by an adult." The reference was to a 1993 adjudication based upon second-degree rape. The court found as a single mitigating factor that "defendant cooperated with police." After concluding "the factors in aggravation outweigh the factors in mitigation," the court sentenced defendant in the aggravated range to a minimum term of 79 months and a maximum term of 104 months imprisonment. Defendant filed timely notice of appeal.

I.

[1] We first consider defendant's arguments addressing the trial court's reliance upon defendant's prior delinquency adjudication as an aggravating sentencing factor. Defendant asserts three grounds upon which his contention of error by the trial court in this regard is based: (A) violation of the prohibition against *ex post facto* laws contained in our state and federal constitutions, (B) violation of constitutional provisions guaranteeing due process of law, and (C) judicial estoppel.

The applicable sentencing statute, N.C.G.S. § 15A-1340.16(d)(18a) (Supp. 1996) (the statute), permits the trial court to consider as a factor in aggravation of sentencing that

STATE v. TAYLOR

[128 N.C. App. 394 (1998)]

[t]he defendant has previously been adjudicated delinquent for an offense that would be a Class A, B1, B2, C, D, or E felony if committed by an adult.

A.

In his first constitutional argument, defendant points out that the statute was not in effect at the time of the 1993 juvenile adjudication for second-degree rape utilized in aggravating defendant's sentence. Defendant maintains the statute thereby in essence criminalizes juvenile acts of delinquency which were not treated as criminal acts at the time they were committed. Accordingly, defendant concludes, consideration of a delinquency adjudication occurring prior to enactment of the statute violated the *ex post facto* clauses of N.C. Const. Art. I, § 16 and Art. I, § 10 of the Federal Constitution. We do not agree.

In that the referenced provisions of the federal and state constitutions are based upon the same definition, *see State v. Robinson*, 335 N.C. 146, 147-48, 436 S.E.2d 125, 126-27 (1993), we analyze defendant's contentions thereunder jointly. The prohibition against enactment of *ex post facto* laws applies to

1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates a crime*, or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence*, and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender*.

*Collins v. Youngblood*, 497 U.S. 37, 42, 111 L. Ed. 2d 30, 38-9 (1990) (quoting *Calder v. Bull*, 3 Dall. 386, 390 (1798)).

The challenged statute permits the sentencing court to consider certain prior adjudications of delinquency as an aggravating factor. However, the statute does not criminalize defendant's 1993 delinquent conduct which indisputably was proscribed at the time it occurred. The new law thus does not retroactively punish conduct that was innocent when done. Nor does the statute aggravate the 1993 delinquency adjudication or inflict a greater punishment for that conduct than the law allowed at the time it was committed.

**STATE v. TAYLOR**

[128 N.C. App. 394 (1998)]

Indeed, the only crime in actuality subject to *ex post facto* analysis is the second-degree rape of 19 March 1995. The statute became effective 1 October 1994 and was in effect 19 March 1995. The statute neither aggravates second-degree rape nor makes the punishment greater than it was on 19 March 1995. Further, the statute does not inflict a greater punishment than the law annexed to the crime on 19 March 1995.

Defendant further argues that the trial court, in considering aggravating factors, incorrectly considered his prior delinquency adjudication as a Class C felony rather than a Class D felony. At trial, defendant objected to use of his prior delinquency adjudication as an aggravating factor, but did not object to the level assigned to his delinquency adjudication. Defendant's failure to timely object at trial to the level assigned resulted in waiver of the issue. *See* N.C.R. App. P. 10(b)(1) ("to preserve a question for appellate review, a party must have presented to the trial court a timely . . . objection . . . stating the *specific* grounds for the ruling the party desired the court to make . . . .") (emphasis added); *State v. Gardner*, 315 N.C. 444, 447, 340 S.E.2d 701, 704-05 (1986) ("a party may not, after trial and judgment, comb through the transcript of the proceedings and randomly insert an exception notation in disregard of the mandates of N.C. R. App. P. 10(b)"). In addition, defendant has failed to

> alert [this Court] that no action was taken by counsel at trial and then establish his right to review by asserting the manner in which the exception was preserved or how the error may be noticed although not brought to the attention of the trial court.

*Gardner*, 315 N.C. at 447-48, 340 S.E.2d at 705. We therefore do not address the merits of this contention on appeal.

Based on the foregoing, we hold defendant's first constitutional argument, *i.e.*, that use of an adjudication of juvenile delinquency as an aggravating factor in sentencing an adult defendant violates the *ex post facto* provisions of our state and federal constitutions, is unfounded.

B.

[2] We likewise reject defendant's second constitutional argument, grounded upon the principles of due process. It is well established that due process requires that a party be afforded adequate notice

as to what conduct is prohibited by law, *State v. Elam*, 302 N.C. 157, 161-62, 273 S.E.2d 661, 664-65 (1981), and that a juvenile involved in an adjudicatory proceeding receive written notice of the factual allegations in order to prepare a defense. *In re Gault*, 387 U.S. 1, 31-34, 18 L. Ed. 2d 527, 548-50 (1967). Defendant asserts the foregoing principles were violated because he had no notice in 1993 that his adjudication of delinquency at that time might later be used as an aggravating sentencing factor in 1996. Therefore, according to defendant, consideration of the earlier adjudication in sentencing procedures not in effect in 1993 was violative of due process of law. We do not believe due process reaches to this extent.

The sentencing statute at issue was in effect at the time of the instant offense, and defendant thus was afforded adequate notice that punishment for the crime committed in 1995 was subject to aggravation, as provided in the sentencing statute, by virtue of defendant's delinquency adjudication in consequence of second-degree rape committed in 1993. As our Supreme Court reiterated in *Pinkham v. Mercer*, 227 N.C. 72, 80, 40 S.E.2d 690, 696 (1946) (quoting *The Ann*, 1 F. Cas., 927, (C.C.D. Mass.) (No. 397)):

> as soon as the parliament hath concluded any thing, the law intends that every person hath notice thereof, for the parliament represents the body of the whole realm[.]

Because defendant was accorded adequate notice of the applicable sentencing statute and of the conduct prohibited by law at the time of the 1995 offense, therefore, use of defendant's prior adjudication of delinquency as an aggravating factor under the applicable sentencing scheme was not violative of due process.

Also in the due process context, defendant further insists that had his 1993 counsel been aware that a delinquency adjudication could have followed him into adult court as an aggravating factor in future criminal proceedings, the defense strategy would have been less cooperative and more adversarial. This assertion borders on the frivolous. The record reflects that on 17 September 1993, defendant denied the allegations of second-degree rape set forth in the delinquency petition, received a hearing of "all the testimony," and was found delinquent beyond a reasonable doubt based upon the alleged offense. Defendant's current assertion notwithstanding, he was without doubt afforded the full benefits of the adversarial system in regard to his 1993 delinquency adjudication.

STATE v. TAYLOR

[128 N.C. App. 394 (1998)]

C.

**[3]** Lastly, defendant contends the doctrine of judicial estoppel operated to preclude consideration by the trial court of the prior adjudication of delinquency as an aggravating factor. Defendant relates that during the juvenile transfer hearing, the assistant district attorney representing the State took the position that delinquency adjudications could not properly be relied upon as aggravating factors in a subsequent criminal proceeding. However, defendant continues, following his conviction at trial wherein the State was represented by a different assistant district attorney, the trial court utilized defendant's prior delinquency adjudication as an aggravating factor in sentencing.

Equitable estoppel prevents one party from taking inconsistent positions in the same or different judicial proceedings, and "is an equitable doctrine designed to protect the integrity of the courts and the judicial process." *Medicare Rentals, Inc. v. Advanced Services,* 119 N.C. App. 767, 769, 460 S.E.2d 361, 363, *disc. review denied,* 342 N.C. 415, 467 S.E.2d 700 (1995).

Assuming *arguendo* that the principle of judicial estoppel may be applied against the government in a criminal proceeding, *see United States v. Kattar,* 840 F.2d 118, 129-30 n.7 (1st Cir. 1988) ("as far as we can tell, th[e] obscure doctrine [of judicial estoppel] has never been applied against the government in a criminal proceeding"), the references to the record cited by defendant reflect no affirmative request on his behalf for a ruling on applicability of the doctrine to the case *sub judice.* The issue thus has not been preserved for our review. *See* N.C.R. App. P. 10(b).

Moreover, defendant concedes the doctrine is invoked by the court in its discretion, *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir. 1990), *cert. denied,* 501 U.S. 1260, 115 L. Ed. 2d 1078 (1991), thus precluding this Court from reviewing his contention under a plain error analysis. *See United States v. McCaskey,* 9 F.3d 368, 378 (5th Cir. 1993), *cert. denied,* 511 U.S. 1042, 128 L. Ed. 2d 211 (1994) (trial court's failure to invoke doctrine of judicial estoppel in criminal proceeding absent objection does not "rise to the level of plain error").

II.

**[4]** Defendant next contends "the trial court erred by admitting [his] confession into evidence." Defendant maintains he "had not knowingly and intelligently waived his constitutional rights prior to giving an inculpatory statement." This argument cannot be sustained.

STATE v. TAYLOR

[128 N.C. App. 394 (1998)]

Following a *voir dire* hearing conducted during the course of trial, the trial court found as fact, *inter alia*, that defendant was not advised by law enforcement officers, prior to making a statement, that he could be tried as an adult. Nevertheless, the court also found defendant was fully advised of his constitutional rights, understood the warnings given to him, the nature of his rights, and the consequence of waiving those rights. The court concluded that based on

> the totality of the circumstances surrounding the interrogation including the Defendant's age, intelligence, familiarity with the legal system, education, mental state, his opportunity to consult with his parents, and the method and length of the interrogation, the Defendant knowingly, understandingly, and willingly waived each of his constitutional and statutory rights[.]

As defendant notes, some jurisdictions have held that

> before a trial court can conclude that a juvenile has made a clear and intelligent waiver of his rights to counsel and against self-incrimination, the state shall have to establish that he was advised that there was a possibility that he may be tried as an adult.

*State v. Lohnes*, 324 N.W. 2d 409, 414-15 (S.D. 1982), *cert. denied*, 459 U.S. 1226, 75 L. Ed. 2d 466 (1983), *overruled on other grounds, State v. Waff*, 373 N.W. 2d 18 (S.D. 1985); *accord State v. Benoit*, 490 A.2d 295, 303 (N.H. 1985); *State v. Loyd*, 212 N.W. 2d 671, 677 (Minn. 1973); *State v. Cano*, 436 P.2d 586, 589 (Ariz. 1968).

However, no such requirement has been established in this state either by our courts or the General Assembly. *See* N.C.G.S. § 7A-595 (1995) (setting forth statutory requirements for interrogation of juveniles). Defendant's reliance on holdings from other states is therefore unfounded.

A trial court's findings of fact and conclusions of law as to the voluntariness of a confession following a *voir dire* hearing on a motion to suppress the confession are conclusive if supported by competent evidence in the record. *State v. Rook*, 304 N.C. 201, 212, 283 S.E.2d 732, 740 (1981), *cert. denied*, 455 U.S. 1038, 72 L. Ed. 2d 155 (1982). The record herein contains plenary evidence to sustain the court's findings that defendant's confession was made after he was apprised of his constitutional and juvenile rights, that defendant

SIMMONS v. N.C. DEPT. OF TRANSPORTATION

[128 N.C. App. 402 (1998)]

understood these rights and the consequences of waiver thereof, and that he voluntarily and willingly waived his constitutional and statutory rights. The trial court did not err in admitting defendant's confession into evidence.

### III.

**[5]** As a final matter, defendant argues the juvenile transfer statute, N.C.G.S. § 7A-610(a) (1995), is unconstitutionally vague. However, defendant acknowledges this argument was decided against him in *State v. Green,* 124 N.C. App. 269, 477 S.E.2d 182 (1996), *disc. review denied and notice of appeal retained,* 345 N.C. 644, 483 S.E.2d 714 (1997). When a panel of this Court has decided the same issue in a different case, subsequent panels are bound to the decision until it is overturned by a higher court. *In the Matter of Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). This Court's holding in *Green* thus remains controlling.

No error.

Judges GREENE and WALKER concur.