STATE OF NORTH CAROLINA v. BYRON BLACK

No. COA08-1009

(Filed 2 June 2009)

1. **Appeal and Error— appealability—mootness—sentence already completed—collateral legal consequences of adverse nature**

    The Court of Appeals took judicial notice of the fact that defendant has completed his sentence and although under prior case law this appeal would be dismissed as moot, the amendment to N.C.G.S. § 15A-1340.16(d) in 2008 created collateral legal consequences of an adverse nature, and thus the appeal has continuing legal significance for defendant that is not moot because courts could interpret N.C.G.S. § 15A-1340.16(d)(12a) as a sentencing enhancement statute and defendant's probation violation may be used as an aggravating factor in a subsequent sentencing hearing.

2. **Probation and Parole— jurisdiction—hearing held after probation expired—State's failure to follow requirements in N.C.G.S. § 15A-1344(f)**

    The trial court lacked jurisdiction to hold a probation revocation hearing when the hearing was held after defendant's probation had expired and the State had not followed the necessary requirements found in N.C.G.S. § 15A-1344(f) for conducting a probation revocation hearing after the expiration of defendant's term of probation. The State failed to make reasonable efforts to notify defendant of his probation violations, and those efforts are not balanced against the failure of defendant to comply with the conditions of his probation.

STATE v. BLACK

[197 N.C. App. 373 (2009)]

Appeal by defendant from judgment entered 14 April 2008 by Judge Thomas D. Haigwood in Durham County Superior Court. Heard in the Court of Appeals 25 February 2009.

Attorney General Roy Cooper, by Assistant Attorney General Karissa J. Davan, for the State.

Lucas & Ellis, PLLC, by Anna S. Lucas, for defendant-appellant.

CALABRIA, Judge.

Byron Black ("defendant") appeals a judgment revoking his probation. The trial court lacked jurisdiction to hold the probation hearing because the hearing was held after his probation had expired and the State did not follow the requirements found in N.C. Gen. Stat. § 15A-1344(f) necessary to hold a probation revocation hearing after the expiration of defendant's term of probation. We vacate the judgment of the trial court.

## I. Background

On 11 January 2006, defendant pled guilty in Durham County District Court to the misdemeanor charges of obtaining property by false pretenses, resisting a public officer, careless and reckless driving, driving with a revoked license, attempted larceny, and two counts of larceny. The charges were consolidated for judgment and defendant was sentenced to a term of 120 days in the custody of the Sheriff of Durham County. This sentence was suspended and defendant was placed on supervised probation for twelve months.

Defendant violated the conditions of his probation by failing to comply with the monetary conditions of his probation, and failing to keep in regular contact with his probation officer. A probation violation report was filed with the court on 26 October 2006, however no date, time, or place of the hearing appears on the report. An order for defendant's arrest was issued on 31 October 2006 for violating the conditions of his probation. He was arrested for other offenses on 16 October 2007.

Defendant filed a motion to dismiss the probation violation charge and argued the court was without jurisdiction to conduct the revocation hearing because defendant's probationary period had expired and the State failed to follow the procedures set forth in N.C. Gen. Stat. § 15A-1344(f). Specifically, defendant argued that the State

failed to properly file a motion indicating its intent to conduct the revocation hearing and failed to make reasonable efforts to notify defendant of the hearing. This motion was denied. The trial court found that the 31 October 2006 order for arrest, which transferred the case to a surveillance officer, constituted reasonable effort under N.C. Gen. Stat. § 15A-1344(f)(2). On 14 April 2008, defendant was found in violation of his probation and his 120 day suspended sentence was activated. Defendant appealed.

## II. Appellate Jurisdiction

[1] Although not included in the record on appeal, we take judicial notice that defendant has completed this sentence, and under prior case law this appeal would be dismissed as moot.

> As a general rule this Court will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist. By reason of the discharge of the Defendant from custody, the subject matter of this appeal has ceased to exist and the issue is moot.

*State v. Cross*, 188 N.C. App. 334, 335, 655 S.E.2d 725, 725 (2008) (internal quotations omitted). In *Cross*, as here, the defendant received suspended sentences and was placed on supervised probation. After the defendant's probation was revoked, his sentences were activated. *Id.* Since the defendant's sentences expired prior to review by this Court, the appeal was dismissed as moot. *Id.* at 336, 655 S.E.2d at 726. At the time *Cross* was decided, when the defendant completed his sentence, there were no additional legal consequences for a defendant willfully violating the conditions of probation.

However, in July 2008, the General Assembly amended N.C. Gen. Stat. § 15A-1340.16(d), which sets forth the aggravating factors that can be used to deviate from the presumptive range of minimum sentences. *See* Act of July 28, 2008, 2008 N.C. Sess. Laws 129. The General Assembly's amendment added a new aggravating factor. Specifically, a trial court could consider a defendant's willful violation of the conditions of a probationary sentence imposed within the previous ten years as an aggravating factor during sentencing. N.C. Gen. Stat. § 15A-1340.16(d)(12a) (Supp. 2008).

Before determining whether an appeal is moot when the defendant has completed his sentence, it is necessary to determine whether collateral legal consequences of an adverse nature may result. "[W]hen the terms of the judgment below have been fully carried out,

if collateral legal consequences of an adverse nature can reasonably be expected to result therefrom, then the issue is not moot and the appeal has continued legal significance." *In re Hatley*, 291 N.C. 693, 694, 231 S.E.2d 633, 634 (1977). The amendment to N.C. Gen. Stat. § 15A-1340.16(d) created collateral legal consequences of an adverse nature even though defendant's judgment, as a result of his probation violation, had been fully carried out, therefore *Cross* no longer controls.

The State argues the amended statute has prospective effect and probation violations that occurred prior to the effective date of the legislation would not be considered as aggravating factors. The State further argues this appeal is still moot because defendant's probation violation could not be used as an aggravating factor in a later sentencing hearing. While the session laws do indicate that the section in question is only to have prospective effect, the statute and our case law indicate the prospective mandate applies to sentencing in which the aggravating factors may be used, not the offenses on which the aggravating factors are based.

In *State v. Taylor*, 128 N.C. App. 394, 496 S.E.2d 811 (1998), *affirmed* 349 N.C. 219; 504 S.E.2d 785 (1998), this Court considered whether changes made to the very statute at issue here could be applied to offenses committed prior to the effective date of the change. Taylor was adjudicated delinquent in 1993 for an offense that would have been a Class C felony if committed by an adult. *Id.* at 397, 496 S.E.2d at 814. At the time of the commission of the offense, and the adjudication of delinquency, the applicable sentencing statute would not allow this adjudication of delinquency to be considered as an aggravating factor for a later offense. *Id.* In 1995, the sentencing statute was modified permitting a trial court to consider as an aggravating factor in sentencing that "the defendant has previously been adjudicated delinquent for an offense that would be a Class A, B1, B2, C, D, or E felony if committed by an adult." N.C. Gen. Stat. § 15A-1340.16(d)(18a) (1996).

Taylor challenged the use of his 1993 delinquency adjudication as an aggravating factor during sentencing for an offense he committed in 1995, after the effective date of the legislation. This Court upheld the use of the delinquency adjudication as an aggravating factor, holding that it did not violate the *ex post facto* protections in the North Carolina Constitution and the United States Constitution, nor did it violate the due process rights of the defendant. *Taylor*, 128 N.C. App. at 397-98, 496 S.E.2d at 814.

Further examples can be found in the habitual felon statute, *see Gryger v. Burke*, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948); *State v. Todd*, 313 N.C. 110, 117-18, 326 S.E.2d 249, 253 (1985), and the sex offender registry, *see Smith v. Doe*, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003); *State v. White*, 162 N.C. App. 183, 590 S.E.2d 448 (2004). Since courts would interpret N.C. Gen. Stat. § 15A-1340.16(d)(12a) as a sentencing enhancement statute, defendant's probation violation may be used as an aggravating factor in a subsequent sentencing hearing. Therefore, "collateral legal consequences of an adverse nature can reasonably be expected to result therefrom . . . and the appeal has continued legal significance" for defendant. *Hatley*, 291 N.C. at 694, 231 S.E.2d at 634. This appeal is not moot, and we must address whether the trial court had jurisdiction to conduct the probation revocation hearing.

### III. Trial Court Jurisdiction

[2] Defendant argues that the trial court lacked jurisdiction to hold the probation revocation hearing because the hearing was held after his probation had expired and the State did not follow the necessary requirements found in N.C. Gen. Stat. § 15A-1344(f) for conducting a probation revocation hearing after the expiration of defendant's term of probation. "[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal de novo." *Childress v. Fluor Daniel, Inc.*, 172 N.C. App. 166, 167, 615 S.E.2d 868, 869 (2005).

The State may not inquire into alleged violations of the conditions of probation if the term of probation has expired, unless the State complies with N.C. Gen. Stat. § 15A-1344(f). Pursuant to N.C. Gen. Stat. § 15A-1344(f), the court has the jurisdiction to revoke probation after the expiration of the period of probation if two conditions are satisfied. First, the State must "file[] a written motion with the clerk indicating its intent to conduct a revocation hearing" prior to the expiration of the period of probation. N.C. Gen. Stat. § 15A-1344(f)(1) (2007). Second, "[t]he court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier." N.C. Gen. Stat. § 15A-1344(f)(2) (2007).[1] If these two conditions are met, then the lower court has jurisdiction to revoke defendant's probation and impose an active sentence.

---

1. N.C. Gen. Stat. § 15A-1344(f) was amended effective 1December 2008 removing the statutory requirement of reasonable efforts. *See* Act of July 28, 2008, 2008 N.C. Sess. Laws 129. Defendant's probation hearing was held prior to the effective date of the amendment and we must apply the statute effective at the time his probation violation hearing was held.

This case is similar to *State v. Burns*, 171 N.C. App. 759, 615 S.E.2d 347 (2005). In *Burns*, the defendant's probation was to expire in July 2001. On 1 March 2001, the defendant's probation officer filed a violation report, and on 6 March 2001, an order for his arrest was issued. *Id.* at 760, 615 S.E.2d at 348. The defendant's probation officer made only one attempt to contact him regarding his probation violation before turning the case over to a surveillance officer. *Id.* at 762, 615 S.E.2d at 349. The defendant was eventually arrested for other offenses after his probation term expired. The defendant was never served with his violation report prior to his arrest. The trial court in *Burns* failed to make any findings regarding the efforts of the State to notify the probationer and conduct the hearing.

The *Burns* Court held that the trial court erred by failing to make specific findings under N.C. Gen. Stat. § 15A-1344(f). The Court then determined if evidence in the record could support such findings. The *Burns* Court defined reasonable effort as "the diligent and timely implementation of a plan of action" or "those actions a reasonable person would pursue in seeking to notify defendant of his probation violation and conduct a hearing on the matter." *Id.* at 762, 615 S.E.2d at 349. The *Burns* Court held the State failed to show that it made reasonable efforts to notify the defendant and conduct a hearing as required by N.C. Gen. Stat. § 15A-1344(f)(2). *Id.* at 763, 615 S.E.2d at 350.

In the present case, the probation officer issued an order for arrest on 31 October 2006 and the case was transferred to a surveillance officer. Defendant's probation expired 11 January 2007. The probation violation hearing was held on 14 April 2008. The trial court based its finding of reasonable efforts solely on the transfer of the case to a surveillance officer. This Court has held that transferring a case to a surveillance officer satisfies the reasonable efforts requirement of N.C. Gen. Stat. § 15A-1344(f)(2) if the trial court finds the probationer has absconded supervision. *State v. High*, 183 N.C. App. 443, 449, 645 S.E.2d 394, 398 (2007). However, in the present case, the State alleged defendant was an absconder and the court stated "I'm not going to find him in violation as [an] abscond[er]." Since the trial court did not find that defendant absconded supervision, the trial court erred in finding the State satisfied the reasonable efforts requirement based solely on the transfer of the case to a surveillance officer.

The only other evidence in the record to support a finding that the State made reasonable efforts to contact the defendant is the pro-

**STATE v. BLACK**

[197 N.C. App. 373 (2009)]

bation officer's phone call and visit to the home of the defendant. In the present case, the probation officer máde two attempts to contact the probationer, unlike *Burns,* where the probation officer made only one attempt to contact the probationer. Here, the probation officer's attempts show additional effort by the State to notify the defendant of the revocation hearing prior to the expiration of his term of probation. The additional phone call, however, does not establish that the State's efforts were "the diligent and timely implementation of a plan of action" in seeking to notify defendant of his probation violation and conduct a hearing on the matter. *Burns* at 762, 615 S.E.2d at 349.

The State argues, in part, that its efforts were reasonable because defendant failed to maintain regular contact with his probation officer. We disagree. There is an objective standard used to measure when a party to a litigation has made a reasonable effort to notify another party in the case of a hearing. In considering whether the evidence in the record supports a finding that the State's efforts were reasonable, we do not balance those efforts against the failure of defendant to comply with the conditions of his probation.

## IV.  Conclusion

The State failed to make reasonable efforts to notify defendant of his probation violations and the intent to hold a probation revocation hearing prior to the expiration of his term of probation. The trial court lacked jurisdiction and authority to revoke defendant's probation. The judgment is vacated.

Judgment vacated.

Judges HUNTER, Robert C. and HUNTER, Robert N., Jr. concur.