IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-937

 Filed: 15 August 2017

Cabarrus County, Nos. 10 CRS 9879-80

STATE OF NORTH CAROLINA

 v.

MONTANELLE DEANGELO POSEY

 Appeal by Defendant from judgment entered 20 December 2012 by Judge W.

Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals

17 May 2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Heather A.
 Haney, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Hannah H.
 Love, for defendant-appellant.

 DILLON, Judge.

 Montanelle Deangelo Posey (“Defendant”) appeals from a judgment revoking

his probation and activating his suspended sentence. After careful consideration, we

conclude Defendant’s appeal is moot and, therefore, dismiss his appeal.

 I. Background

 Defendant was placed on 36 months of supervised probation, beginning after

his release from incarceration, for certain crimes he committed prior to April 2011.
 STATE V. POSEY

 Opinion of the Court

 While on probation, a trial court found that Defendant had not been at his

residence during a mandatory curfew on two occasions in 2012, and that these

absences constituted willful violations of a condition of his probation and that these

violations constituted absconding supervision. The trial court entered judgment

finding Defendant in willful violation of his probation, revoking his probation on the

basis of absconding and activating his suspended sentence. Defendant appealed.

 II. Appellate Jurisdiction

 As an initial matter, Defendant concedes that his notice of appeal was defective

for failure to satisfy multiple procedural requirements for giving notice of appeal as

set out in N.C. R. App. P. 4. In recognition of these defects, Defendant has filed a

petition for writ of certiorari contemporaneously with the filing of his appellate brief

requesting that this Court review the trial court’s judgment revoking his probation.

In our discretion, we allow Defendant’s petition for writ of certiorari.

 III. Analysis

 The State concedes that the trial court lacked jurisdiction to revoke

Defendant’s probation under the Justice Reinvestment Act, as the offenses he

committed for which he was placed on probation occurred prior to 1 December 2011.

 The State only argues that the appeal is moot as Defendant has served his

time.

 -2-
 STATE V. POSEY

 Opinion of the Court

 A pending appeal from a judgment that has been fully effectuated is generally

moot because a subsequent appellate decision “cannot have any practical effect on the

existing controversy.” In re A.K., 360 N.C. 449, 452, 628 S.E.2d 753, 755 (2006)

(quotation marks and citation omitted). However, before an appeal is dismissed for

mootness, “it is necessary to determine whether collateral legal consequences of an

adverse nature may result.” State v. Black, 197 N.C. App. 373, 375, 677 S.E.2d 199,

201 (2009). If so, the appeal is not moot. A.K., 360 N.C. at 452, 628 S.E.2d at 755.

 Here, Defendant contends that he may suffer collateral consequences as a

result of the trial court’s alleged error in the event he is subsequently convicted of a

new crime. Defendant points to N.C. Gen. Stat. § 15A-1340.16(d)(12a) (2015), which

provides that, for sentencing purposes, an aggravating factor is found where “[t]he

defendant has, during the 10-year period prior to the commission of the offense for

which the defendant is being sentenced, been found by a court of this State to be in

willful violation of the conditions of probation imposed pursuant to a suspended

sentence . . . .” As such, a result of the trial court’s alleged error in revoking

Defendant’s probation is that Defendant may receive an enhanced sentence if he is

ever convicted of a subsequent offense.

 We conclude that Defendant’s argument is misplaced. Specifically, Defendant

makes no argument that the trial court had erred in finding him in willful violation

of his probation, the factor that triggers N.C. Gen. Stat. 15A-1340.16(d)(12a). Rather,

 -3-
 STATE V. POSEY

 Opinion of the Court

Defendant only argues that the trial court erred in revoking his probation based on

the application of the Justice Reinvestment Act, which did not take effect until after

Defendant violated his probation. However, the fact that Defendant’s probation was

revoked, in and of itself, does not trigger the application of N.C. Gen. Stat. 15A-

1340.16(d)(12a). The only part of the trial court’s judgment which could have any

future detrimental effect is the finding that Defendant was in willful violation of his

probation, a finding that Defendant does not challenge. And, clearly, the trial court

acted within its authority in entering its finding of willfulness, notwithstanding that

it may have erroneously applied N.C. Gen. Stat. 15A-1340.16(d)(12a). Specifically,

the conditions of Defendant’s probation included a mandatory curfew; Defendant was

cited for violating this curfew; the trial court had the jurisdiction to hold its hearing

to consider Defendant’s violation; and the trial court found that Defendant violated

his curfew and that the violation was willful. Therefore, since Defendant will not

suffer future collateral consequences stemming from the trial court’s error in revoking

his probation, we conclude that Defendant’s appeal is moot.

 DISMISSED.

 Judge BERGER concurs.

 Judge ZACHARY dissenting by separate opinion.

 -4-
 No. COA16-937 – State v. Posey

 ZACHARY, Judge, dissenting:

 In this case the trial court’s revocation judgment was entered only upon a

finding that defendant had absconded supervision. The trial court, however, lacked

the statutory authority to revoke defendant’s probation on the basis of absconding

and, as a result, the revocation judgment was erroneous as a matter of law. Should

this erroneous judgment remain in place, it could subject defendant to future adverse

collateral legal consequences. For these reasons, the instant appeal is not moot and

the revocation judgment should be vacated. Accordingly, I dissent from the majority

opinion.

 The general rule is that “this Court will not hear an appeal when the subject

matter of the litigation . . . has ceased to exist.” In re Swindell, 326 N.C. 473, 474,

390 S.E.2d 134, 135 (1990) (citation and quotation marks omitted). When a defendant

has been released from custody, “the subject matter of [that] assignment of error has

ceased to exist and the issue is moot.” Id. at 475, 390 S.E.2d at 135. But “ ‘[w]hen

the terms of the judgment below have been fully carried out, if collateral legal

consequences of an adverse nature can reasonably be expected to result therefrom,

then the issue is not moot and the appeal has continued legal significance.’ ” State v.

Black, 197 N.C. App. 373, 375-76, 677 S.E.2d 199, 201 (2009) (quoting In re Hatley,

291 N.C. 693, 694, 231 S.E.2d 633, 634 (1977)). Pursuant to N.C. Gen. Stat. § 15A-

1340.16(d)(12a) (2015), a trial court may sentence a defendant to a term in the

aggravated range upon proof that:
 STATE V. POSEY

 ZACHARY, J., dissenting

 The defendant has, during the 10-year period prior
 to the commission of the offense for which the defendant is
 being sentenced, been found by a court of this State to be
 in willful violation of the conditions of probation imposed
 pursuant to a suspended sentence or been found by the
 Post-Release Supervision and Parole Commission to be in
 willful violation of a condition of parole or post-release
 supervision imposed pursuant to release from
 incarceration.

 Although it concedes that defendant’s probation was erroneously revoked on

the basis of absconding, the State asserts, and the majority agrees, that this appeal

is moot because defendant has failed to argue that the trial court erred in finding that

defendant willfully violated the terms of his probation. According to the majority, it

is this finding that may trigger subsection 15A-1340.16(d)(12a)’s aggravating factor

in the future, not the revocation itself. Yet the majority fails to recognize that the

revocation judgment was entered only upon a finding that defendant absconded

supervision. As explained below, defendant was not subject to the absconding

condition set forth in N.C. Gen. Stat. § 15A-1343(b)(3a), and the trial court lacked

statutory authority to enter the revocation judgment in the first instance.

 In 2011, our General Assembly enacted the Justice Reinvestment Act (“JRA”),

which

 modified our probation statutes in two important ways.
 First, the JRA made the following a regular condition of
 probation: “Not to abscond, by willfully avoiding
 supervision or by willfully making the defendant’s
 whereabouts unknown to the supervising probation
 officer.” See N.C. Gen. Stat. § 15A-1343(b)(3a) (2011).

 2
 STATE V. POSEY

 ZACHARY, J., dissenting

 Second, the JRA revised N.C. Gen. Stat. § 15A-1344 to
 provide that a trial court may only revoke probation if the
 defendant commits a criminal offense [under N.C. Gen.
 Stat. § 15A-1343(b)(1)] or “absconds” as defined by the
 revised Section 15A-1343(b)(3a). See N.C. Gen. Stat. § 15A-
 1344(a) (2011).

State v. Hunnicutt, 226 N.C. App. 348, 354, 740 S.E.2d 906, 910-11 (2013). Under the

JRA, the new absconding provision was made applicable only to offenses committed

on or after 1 December 2011. Id. at 355, 740 S.E.2d 906 at 911. However, “the limited

revoking authority remained effective for probation violations occurring on or after 1

December 2011.” Id. at 355, 740 S.E.2d 906 at 911. “Consequently, a defendant who

committed the offense underlying his probation before 1 December 2011 but who

violated the conditions of his probation on or after that date cannot have his probation

revoked for absconding.” State v. Johnson, __ N.C. App. __, __, __ S.E.2d __, __, No.

COA16-734, 2017 WL 3027266, at *4 (July 18, 2017) (recognizing that “[t]his

irregularity in the statutes is colloquially referred to as a ‘donut hole.’ ”).

 In the present case, defendant admitted to violating several conditions of his

probation, but he specifically challenged the absconding allegation. In announcing

its ruling at the end of the revocation hearing, the trial court did not find that

defendant had admitted any violations; instead, the court found only that defendant

“ha[d], in fact, absconded” and activated his sentence on that basis. [T pp 3, 23]

 The revocation judgment was then entered on a pre-printed form, “Judgment

and Commitment Upon Revocation of Probation-Felony,” AOC Form CR-607 Rev.

 3
 STATE V. POSEY

 ZACHARY, J., dissenting

12/12, which includes a section labeled “FINDINGS” with various optional

subsections. The trial court checked finding No. 5(a), indicating that the court

revoked defendant’s probation “for the willful violation of the condition(s) that he/she

not commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from supervision,

G.S. 15A-1343(b)(3a)[.]” Because in none of the violation reports filed does the

probation officer allege that defendant violated subdivision 15A-1343(b)(1), the trial

court did not make a finding that defendant had committed a new criminal offense.

In addition, the trial court did not check finding No. 5(b), which is used when a

defendant’s probation is revoked for violation of a condition of his probation after

serving two prior periods of confinement in response to violations under subsection

15A-1344(d2). Considering the trial court’s oral and written findings together,

defendant’s probation was necessarily revoked based upon a finding that he had

absconded supervision in violation of subsection 15A-1343(b)(3a).

 As defendant committed the underlying offenses prior to 1 December 2011, he

was not subject to the JRA’s absconding condition of probation enacted in subsection

15A-1343(b)(3a). The trial court, therefore, lacked statutory authority to revoke

defendant’s probation based on the finding that he had absconded supervision. The

appropriate disposition on appeal would normally be to reverse the revocation

judgment and “remand to the trial court for entry of an appropriate judgment for

Defendant’s admitted probation violations consistent with the provisions of N.C. Gen.

 4
 STATE V. POSEY

 ZACHARY, J., dissenting

Stat. § 15A-1344.” State v. Nolen, 228 N.C. App. 203, 206, 743 S.E.2d 729, 731 (2013)

(holding that, given the changes produced by the JRA and the date of the defendant’s

underlying offenses, the trial court erred in revoking his probation on the basis of

absconding). However, given that defendant has already served his full sentence,

that option is unavailable in this case. If this Court fails to address the issue raised

by defendant on appeal, the revocation of probation will remain on his criminal

record. If defendant is convicted of another offense within the next ten years, his

record will establish that defendant “has, during the 10-year period prior to the

commission of the offense for which the defendant is being sentenced, been found by

a court of this State to be in willful violation of the conditions of probation.” The

majority posits a distinction between a defendant whose probation was revoked and

one who is found to be in willful violation of probation. This proposed distinction is

meaningless, given that a defendant’s probation may not be revoked absent a finding

of willful violation of the conditions of probation. Defendant’s exposure to the

possibility of an aggravated sentence is clearly a collateral consequence of our failure

to review his appeal.

 Accordingly, I would vote to reach the merits of defendant’s appeal and to

vacate the revocation judgment. See Black, 197 N.C. App. at 377, 677 S.E.2d at 202

(recognizing that the judgment revoking the defendant’s probation could be used as

 5
 STATE V. POSEY

 ZACHARY, J., dissenting

an aggravating factor in a subsequent sentencing hearing pursuant to subdivision

15A-1340.16(d)(12a)).

 6