ZACHARY, Judge, dissenting:
*135 In this case the trial court's revocation judgment was entered only upon a finding that defendant had absconded supervision. The trial court, however, lacked the statutory authority to revoke defendant's probation on the basis of absconding and, as a result, the revocation judgment was erroneous as a matter of law. Should this erroneous judgment remain in place, it could subject defendant to future adverse collateral legal consequences. For these reasons, the instant appeal is not moot and the revocation judgment should be vacated. Accordingly, I dissent from the majority opinion.
The general rule is that "this Court will not hear an appeal when the subject matter of the litigation ... has ceased to exist." In re Swindell , 326 N.C. 473, 474, 390 S.E.2d 134, 135 (1990) (citation and quotation marks omitted). When a defendant has been released from custody, "the subject matter of [that] assignment of error has ceased to exist and the issue is moot." Id. at 475, 390 S.E.2d at 135. But " '[w]hen the terms of the judgment below have been fully carried out, if collateral legal consequences of an adverse nature can reasonably be expected to result therefrom, then the issue is not moot and the appeal has continued legal significance.' " State v. Black , 197 N.C.App. 373, 375-76, 677 S.E.2d 199, 201 (2009) (quoting In re Hatley , 291 N.C. 693, 694, 231 S.E.2d 633, 634 (1977) ). Pursuant to N.C. Gen. Stat. § 15A-1340.16(d)(12a) (2015), a trial court may sentence a defendant to a term in the aggravated range upon proof that:
The defendant has, during the 10-year period prior to the commission of the offense for which the defendant is being sentenced, been found by a court of this State to be in willful violation of the conditions of probation imposed pursuant to a suspended sentence or been found by the Post-Release Supervision and Parole Commission to be in willful violation of a condition of parole or post-release supervision imposed pursuant to release from incarceration.
Although it concedes that defendant's probation was erroneously revoked on the basis of absconding, the State asserts, and the majority agrees, that this appeal is moot because defendant has failed to argue *136 that the trial court erred in finding that defendant willfully violated the terms of his probation. According to the majority, it is this finding that may trigger subsection 15A-1340.16(d)(12a)'s aggravating factor in the future, not the revocation itself. Yet the majority fails to recognize that the revocation judgment was entered only upon a finding that defendant absconded supervision. As explained below, defendant was not subject to the absconding condition set forth in N.C. Gen. Stat. § 15A-1343(b)(3a), and the trial court lacked statutory authority to enter the revocation judgment in the first instance.
In 2011, our General Assembly enacted the Justice Reinvestment Act ("JRA"), which
modified our probation statutes in two important ways. First, the JRA made the following a regular condition of probation: "Not to abscond, by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer." See *583 N.C. Gen. Stat. § 15A-1343(b)(3a) (2011). Second, the JRA revised N.C. Gen. Stat. § 15A-1344 to provide that a trial court may only revoke probation if the defendant commits a criminal offense [under N.C. Gen. Stat. § 15A-1343(b)(1) ] or "absconds" as defined by the revised Section 15A-1343(b)(3a). See N.C. Gen. Stat. § 15A-1344(a) (2011).
State v. Hunnicutt , 226 N.C.App. 348, 354, 740 S.E.2d 906, 910-11 (2013). Under the JRA, the new absconding provision was made applicable only to offenses committed on or after 1 December 2011. Id. at 355, 740 S.E.2d at 911. However, "the limited revoking authority remained effective for probation violations occurring on or after 1 December 2011." Id. at 355, 740 S.E.2d at 911. "Consequently, a defendant who committed the offense underlying his probation before 1 December 2011 but who violated the conditions of his probation on or after that date cannot have his probation revoked for absconding." State v. Johnson , --- N.C.App. ----, ----, 803 S.E.2d 827, 831 (2017) (recognizing that "[t]his irregularity in the statutes is colloquially referred to as a 'donut hole.' ").
In the present case, defendant admitted to violating several conditions of his probation, but he specifically challenged the absconding allegation. In announcing its ruling at the end of the revocation hearing, the trial court did not find that defendant had admitted any violations; instead, the court found only that defendant "ha[d], in fact, absconded" and activated his sentence on that basis. [T pp 3, 23]
*137 The revocation judgment was then entered on a pre-printed form, "Judgment and Commitment Upon Revocation of Probation-Felony," AOC Form CR-607 Rev. 12/12, which includes a section labeled "FINDINGS" with various optional subsections. The trial court checked finding No. 5(a), indicating that the court revoked defendant's probation "for the willful violation of the condition(s) that he/she not commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a) [.]" Because in none of the violation reports filed does the probation officer allege that defendant violated subdivision 15A-1343(b)(1), the trial court did not make a finding that defendant had committed a new criminal offense. In addition, the trial court did not check finding No. 5(b), which is used when a defendant's probation is revoked for violation of a condition of his probation after serving two prior periods of confinement in response to violations under subsection 15A-1344(d2). Considering the trial court's oral and written findings together, defendant's probation was necessarily revoked based upon a finding that he had absconded supervision in violation of subsection 15A-1343(b)(3a).
As defendant committed the underlying offenses prior to 1 December 2011, he was not subject to the JRA's absconding condition of probation enacted in subsection 15A-1343(b)(3a). The trial court, therefore, lacked statutory authority to revoke defendant's probation based on the finding that he had absconded supervision. The appropriate disposition on appeal would normally be to reverse the revocation judgment and "remand to the trial court for entry of an appropriate judgment for Defendant's admitted probation violations consistent with the provisions of N.C. Gen. Stat. § 15A-1344." State v. Nolen , 228 N.C.App. 203, 206, 743 S.E.2d 729, 731 (2013) (holding that, given the changes produced by the JRA and the date of the defendant's underlying offenses, the trial court erred in revoking his probation on the basis of absconding). However, given that defendant has already served his full sentence, that option is unavailable in this case. If this Court fails to address the issue raised by defendant on appeal, the revocation of probation will remain on his criminal record. If defendant is convicted of another offense within the next ten years, his record will establish that defendant "has, during the 10-year period prior to the commission of the offense for which the defendant is being sentenced, been found by a court of this State to be in willful violation of the conditions of probation." The majority posits a distinction between a defendant whose probation was revoked and one who is found to be in willful violation of probation. This proposed distinction is meaningless, given that a defendant's probation may not be revoked absent a finding of willful violation of the conditions *138 of probation. Defendant's exposure to the possibility *584 of an aggravated sentence is clearly a collateral consequence of our failure to review his appeal.
Accordingly, I would vote to reach the merits of defendant's appeal and to vacate the revocation judgment. See Black , 197 N.C.App. at 377, 677 S.E.2d at 202 (recognizing that the judgment revoking the defendant's probation could be used as an aggravating factor in a subsequent sentencing hearing pursuant to subdivision 15A-1340.16(d)(12a)).