IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-447

Filed 18 March 2026

Lee County, Nos. 22CR000215-520, 22CR000216-520

STATE OF NORTH CAROLINA

v.

HUNTER SCOTT FERGUSON

Appeal by Defendant from judgments entered 20 August 2024 by Judge Brian C. Wilks in Lee County Superior Court. Heard in the Court of Appeals 25 February 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Monique Nketah, for the State-Appellee.*

*Cooper Strickland for Defendant-Appellant.*

COLLINS, Judge.

Defendant appeals from judgments revoking his probation and activating his suspended sentences for possession of methamphetamine and larceny of ungathered crops. Defendant argues that the trial court lacked jurisdiction to revoke his probation because he did not receive proper notice of the alleged violation and that the court abused its discretion by revoking his probation and failing to run his activated sentences concurrently. For the reasons stated herein, we affirm in part and dismiss in part.

## I.    Background

Defendant pled guilty on 25 May 2022 to possession of methamphetamine and larceny of ungathered crops. The trial court sentenced Defendant to 6 to 17 months' imprisonment for possession of methamphetamine and 8 to 19 months' imprisonment for larceny of ungathered crops and suspended both sentences for 36 months' supervised probation. As conditions of his probation, Defendant was required to complete a substance abuse assessment and treatment, attend a cognitive behavioral intervention program, commit no criminal offense, refrain from using illegal drugs, and pay supervision fees.

Defendant received two probation violation reports in November 2022, alleging that he failed to comply with substance abuse treatment and the cognitive behavioral intervention program; committed a criminal offense; tested positive for methamphetamine, marijuana, and cocaine; and was in arrears on his supervision fees. After a probation violation hearing, the court found that Defendant willfully violated the conditions of his probation and ordered him to complete a 90-day residential drug treatment program.

Defendant was arrested for assault on a female on 21 February 2024 for "tackling [a female] to the floor face down causing her a bloody nose, bumping her head multiple times on the floor and holding her on the floor [in] a choke hold." (capitalization altered). Defendant pled guilty to simple assault on 17 April 2024 and was sentenced to 60 days' imprisonment and 12 months' supervised probation.

Defendant received two additional probation violation reports on 9 May 2024, alleging that he tested positive for marijuana and methamphetamine, committed a criminal offense, and was in arrears on his supervision fees. The report stated, in relevant part, "ON 02/21/2024, DEFENDANT WAS CHARGED WITH ASSAULT ON A FEMALE IN LEE COUNTY 24CR239605. IF CONVICTED, THIS WILL BE A VIOLATION OF THE DEFENDANT'S PROBATION."

At the probation revocation hearing, the court asked defense counsel, "[D]oes your client waive a formal reading and admit to a knowing and willful violation of his probation including a new conviction for a class two misdemeanor[?]" Defense counsel responded, "Yes, Your Honor. He does waive a formal reading and does admit the violation is willful, and I have confirmed that misdemeanor conviction." There was some discussion between defense counsel, the prosecutor, and the court about the circumstances surrounding Defendant's charge for assault on a female, his guilty plea to simple assault, and his role as the sole provider for his children. Defense counsel stated, "Certainly, he has this conviction, and he understands the stakes here. We are asking the Court, instead of revoking and activating his sentences, if the Court would place him on house arrest. . . ." The probation officer asked the court to revoke Defendant's probation.

The court found Defendant "in willful violation of the terms and conditions of his probation, one of which being a new conviction." Based on that new conviction, the court announced that Defendant's underlying sentences would be activated and

would run consecutively. Defense counsel asked whether the court would modify them to run concurrently, to which the court replied, "It's not the sentence modification court."

The court entered judgment for the probation violation and the larceny of ungathered crops conviction and activated the underlying sentence. The court entered judgment for the probation violation and the possession of methamphetamine conviction, activated the underlying sentence, and ordered that this sentence run consecutively. The written judgments state, in relevant part, that Defendant "waived a violation hearing and admitted that he/she violated each of the conditions of his/her probation . . . ." Defendant appealed.

## II. Discussion

### A. Notice

Defendant first argues that the trial court lacked jurisdiction to revoke his probation "for a new criminal offense that was not properly noticed by the State."

#### 1. Statutory Notice

Defendant argues that he received insufficient notice of the probation violation under N.C. Gen. Stat. § 15A-1345(e) because the violation report references a different criminal offense than the one to which he pled guilty.

Alleged statutory errors are questions of law, which we review de novo. *State v. McGaha*, 274 N.C. App. 232, 238 (2020). Under de novo review, this Court considers the matter anew and freely substitutes its own judgment for that of the

lower court. *State v. Williams*, 362 N.C. 628, 632-33 (2008).

Before revoking probation, "the court must, unless the [defendant] waives the hearing, hold a hearing to determine whether to revoke . . . probation and must make findings to support the decision and a summary record of the proceedings." N.C. Gen. Stat. § 15A-1345(e) (2025). At least 24 hours prior to the hearing, the State "must give the [defendant] notice of the hearing and its purpose, including a statement of the violations alleged." *Id.* A "statement of the violations alleged" refers to a statement of what a defendant did to violate the conditions of his probation. *State v. Moore*, 370 N.C. 338, 341 (2017). "The purpose of the notice mandated by this section is to allow the defendant to prepare a defense and to protect the defendant from a second probation violation hearing for the same act." *State v. Hubbard*, 198 N.C. App. 154, 158 (2009) (citation omitted). A statement of pending criminal charges provides a defendant sufficient notice because such charges are alleged criminal offenses, and committing a criminal offense is a probation violation. *Moore*, 370 N.C. at 345.

Here, Defendant was arrested for assault on a female and later pled guilty to simple assault. Following his conviction, Defendant received two violation reports stating: "ON 02/21/2024, DEFENDANT WAS CHARGED WITH ASSAULT ON A FEMALE IN LEE COUNTY 24CR239605. IF CONVICTED, THIS WILL BE A VIOLATION OF THE DEFENDANT'S PROBATION." Although the reports referenced the charge of assault on a female and noted that Defendant had not yet been convicted, they identified the date of the offense, the county in which it occurred,

and the corresponding case number. By identifying the specific criminal proceeding arising from the 21 February 2024 incident, the reports provided Defendant sufficient notice of the conduct forming the basis of the alleged probation violation, notwithstanding that he pled guilty simple assault.

The record further reflects that Defendant understood the conduct constituting the probation violation. Defendant waived a formal reading at the probation violation hearing and admitted to willfully violating the conditions of his probation. Defense counsel "confirmed that misdemeanor conviction" and acknowledged, "Certainly, he has this conviction, and he understands the stakes here." Additionally, Defendant's probation officer read from the magistrate's order at the hearing, which stated that Defendant "tack[ed a female] to the floor face down causing her a bloody nose, bump[ed] her head multiple times on the floor and h[eld] her on the floor in a choke hold." (capitalization altered).

Because the probation violation reports identified the incident by date, county, and case number, and the evidence presented at the revocation hearing established the same facts as the underlying criminal conduct, Defendant received sufficient notice of the specific behavior constituting the probation violation. *See Hubbard*, 198 N.C. App. at 159 (holding that the defendant received sufficient notice of the specific behavior constituting the probation violation as the evidence presented at the revocation hearing established the same facts set forth in the violation report).

### 2. *Constitutional Notice*

Defendant next argues that the State's notice of the probation violation was void *ab initio*, asserting that "the offense of assault on a female is unconstitutional because it punishes men who assault women more harshly than other assailants, solely based on their gender." Defendant asks us to overrule our longstanding precedent upholding the constitutionality of the offense of assault on a female. S*ee State v. Gurganus*, 39 N.C. App. 395, 401-02 (1979). We may not do so. *See In re Civil Penalty,* 324 N.C. 373, 384 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.")

## B. Revocation of Probation

Defendant next argues that the trial court abused its discretion by revoking his probation.

"Probation may be revoked in three circumstances: (1) the trial court has previously ordered two 90-day periods of confinement, (2) the [defendant] commits a new criminal offense, or (3) the [defendant] absconded from supervision." *State v. Brown*, 279 N.C. App. 630, 633 (2021) (quoting N.C. Gen. Stat. §§ 15A-1344(a)(d2), 15A-343(b)(1), (b)(3a)). "All that is required in revoking a suspended sentence is evidence which reasonably satisfies the judge in the use of his sound discretion that a condition of probation has been willfully violated." *State v. Monroe*, 83 N.C. App. 143, 145 (1986). "The judge's finding of such a violation, if supported by competent

evidence, will not be overturned absent a showing of manifest abuse of discretion." *State v. Jones*, 225 N.C. App. 181, 183 (2013) (citation omitted). An abuse of discretion results where a ruling "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Maness*, 363 N.C. 261, 279 (2009) (quotation marks and citation omitted).

Here, the probation violation reports were issued in connection with an assault that occurred on 21 February 2024. At the revocation hearing, Defendant waived a formal reading and admitted to willfully violating the conditions of his probation. The State then presented additional evidence through the probation officer, who testified to the conduct set forth in the magistrate's order, which formed the basis for the probation violation. Given that the court may revoke probation for the commission of a criminal offense and that Defendant admitted to such conduct, the court did not abuse its discretion by revoking his probation.

## C. Activated Sentence

Defendant finally argues that the trial court abused its discretion by running his activated sentences consecutively rather than concurrently. This portion of Defendant's appeal is moot.

"As a general rule[,] this Court will not hear an appeal when the subject matter of the litigation . . . has ceased to exist." *State v. Black*, 197 N.C. App. 373, 375 (2009). Once a defendant is released from custody, generally the subject matter of that litigation has ceased to exist and the issue is moot. *State v. Stover*, 200 N.C. App.

506, 509 (2009). However, if collateral legal consequences of an adverse nature can reasonably be expected to result from the continued existence of the judgment, then the issue is not moot and the appeal has continued legal significance. *Black*, 197 N.C. App. at 375-76.

Here, Defendant completed his activated sentences and is on post-release supervision. Defendant will serve only one period of post-release supervision despite his sentences running consecutively. *See* N.C. Gen. Stat. § 15A-1368.2 (2025). As Defendant has been released from custody and his period of post-release supervision would not change if his sentences had run concurrently, the subject matter of the litigation has ceased to exist. *See Stover*, 200 N.C. App. at 509. Furthermore, there are no collateral consequences associated with a trial court running activated sentences consecutively rather than concurrently. *See Black*, 197 N.C. App. at 375-76. Accordingly, we dismiss this portion of Defendant's appeal as moot.

## III.   Conclusion

Defendant received sufficient notice of his probation violation, and the trial court did not abuse its discretion by revoking his probation. Defendant's argument that the court abused its discretion by failing to run his sentences concurrently is moot. For these reasons, we affirm in part and dismiss in part.

AFFIRMED IN PART; DISMISSED IN PART.

Judges CARPENTER and FREEMAN concur.