An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-173

Filed: 15 September 2015

Guilford County, Nos. 13 CRS 79510, 79512, 79514

STATE OF NORTH CAROLINA

v.

ASWAD MALIK JONES

Appeal by Defendant from order entered 19 May 2014 by Judge V. Bradford Long and judgment entered 3 July 2014 by Judge Edgar B. Gregory in Guilford County Superior Court. Heard in the Court of Appeals 26 August 2015.

*Attorney General Roy Cooper, by Assistant Attorney General Michael Bulleri, for the State.*

*Wait Law, P.L.L.C., by John L. Wait, for Defendant.*

STEPHENS, Judge.

In this appeal, Defendant Aswad Malik Jones argues that the trial court erred in denying his motion to suppress evidence which was later introduced against him at his trial on several drug-related offenses and resulted in the jury's return of guilty verdicts on all charges against him. Because Jones failed to preserve this argument for appellate review by allowing the evidence challenged in his suppression motion to

be admitted at trial without objection and further failed to properly raise plain error in his appellate brief, we dismiss.

*Factual and Procedural Background*

The charges on which Jones was convicted arose from a drug "sting" operation conducted by Greensboro Police Department ("GPD") officers at a local hotel on 19 May 2013. Mark Gilbert, who was facing unrelated drug charges in Guilford County, had reported to GPD officers that he purchased cocaine from a man named Willard Long several times in the past few weeks. As part of the sting, Gilbert telephoned Long and arrange to purchase two ounces of cocaine from him, with the transaction taking place at the hotel where the officers would be waiting. When Long arrived at the hotel room, the officers arrested him at the door and asked to search his car. Long consented, but that search and a search of Long's person incident to his arrest yielded only a small amount of cocaine, rather than the two ounces Long had agreed to deliver to Gilbert. When Long was informed that he would be charged with simple possession of cocaine, Long offered information about the man who was Long's source for the two ounces of cocaine. Long told the officers that the source could be found at the Utah Place Apartments in Greensboro and described him as a light-skinned, older black man with a goatee who drove a black BMW with Virginia license plates.

A team of GPD officers went to the apartment complex and located a black BMW in the parking lot. GPD Officer M.A. McPhatter, the lead officer on the hotel

sting operation, transported Long to the apartment complex. After Long identified the BMW as the source's vehicle, McPhatter had Long call his source and cancel the buy Long had previously arranged. Long complied, and shortly after the call was completed, Jones walked out of the apartment complex to the BMW. Once Long identified Jones as his source, GPD officers surrounded the vehicle and ordered Jones to get out. The officers observed a handgun between the front seats of the BMW and placed Jones in handcuffs. GPD Officer E.L. Shafer conducted a *Terry* frisk[1] of Jones, during which he detected an object in the area of Jones' crotch. Shafer asked another GPD officer, J.J. Pacific, to frisk Jones. Pacific also detected the object inside Jones' pants and instructed Jones to remove it. Jones did so, revealing a large amount of white powder in a plastic bag. The substance was later determined to be cocaine.

On 3 September 2013, a grand jury indicted Jones on one count each of possession with intent to sell or distribute, trafficking cocaine by possession, trafficking cocaine by transport, and maintaining a vehicle. On 10 February 2014, Jones filed a motion to suppress the cocaine obtained during the *Terry* frisk. Jones filed an amended motion to suppress on 16 April 2014. The motions were heard on 16 April 2014. Jones argued that the cocaine seized during the *Terry* frisk must be suppressed because it was obtained as the result of an unconstitutional search. The

---

[1] In *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889 (1968), the United States Supreme Court held that a law enforcement officer may conduct a pat-down search to determine whether a person is carrying a weapon.

trial court denied Jones' motion in open court on 25 April 2014 and entered a written order memorializing its ruling on 19 May 2014.

On 30 June 2014, Jones' trial began, during which the State dismissed the maintaining a vehicle charge. At trial, Jones did not object to the admission of the cocaine discovered during the *Terry* frisk on 19 May 2013. On 3 July 2014, the jury returned guilty verdicts on the three remaining charges. The trial court consolidated the convictions for judgment, sentencing Jones to 35 to 51 months in prison and imposing a $50,000.00 fine as a civil penalty. Jones gave notice of appeal in open court.

*Discussion*

"A motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial. A criminal defendant is required to interpose at least a general objection to the evidence at the time it is offered." *State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 845-46 (citations omitted), *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995). Where a defendant fails to object when such evidence is offered at trial, his appellate review is limited to plain error. *Id.* (citation omitted); *see also* N.C.R. App. P. 10(a)(4) (providing that an issue that was not properly preserved for appellate review "may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain

error."). Further, an assertion of plain error for the first time in a reply brief is insufficient to obtain such review. *State v. Dinan*, __ N.C. App. __, __, 757 S.E.2d 481, 485, *disc. review denied*, 367 N.C. 522, 762 S.E.2d 203 (2014) (noting that "a reply brief is not an avenue to correct the deficiencies contained in the original brief").

At trial, Jones did not object to the admission of the cocaine discovered on his person, which was marked as State's Exhibit 1, or to Shafer's testimony about or identification of the cocaine. Jones also failed to object to Pacific's testimony regarding the cocaine. Jones notes that he *did* object when McPhatter testified that cocaine was discovered during the *Terry* frisk. However, our review of the transcript reveals that Jones' objection was not that the cocaine was obtained during an unconstitutional search, but rather was based upon a contention that McPhatter's statement was hearsay: "Your Honor, objection. It's not personal knowledge. He [McPhatter] wasn't there. I believe his testimony was he wasn't there." This objection was thus insufficient to preserve any argument regarding the constitutionality of the frisk. *See State v. Taylor*, 128 N.C. App. 394, 398, 496 S.E.2d 811, 814 (holding that a defendant's failure to object on the grounds argued on appeal waived the issue despite objection on other grounds), *affirmed per curiam*, 349 N.C. 219, 504 S.E.2d 785 (1998). In addition, McPhatter testified after Shafer's and Pacific's unchallenged testimony about the cocaine and after the unchallenged admission of State's Exhibit 1, the cocaine itself. "Where evidence is admitted over

objection and the same evidence has been previously admitted . . . without objection, the benefit of the objection is lost." *State v. Perry*, 159 N.C. App. 30, 36, 582 S.E.2d 708, 713 (citation and internal quotation marks omitted), *disc. review denied*, 357 N.C. 510, 588 S.E.2d 469 (2003). In sum, Jones failed to preserve for appeal the question of the admissibility of evidence regarding the cocaine. Further, Jones does not argue plain error in his original appellate brief, raising that argument for the first time in his reply brief. Accordingly, Jones' appeal must be

DISMISSED.

Judges MCCULLOUGH and ZACHARY concur.

Report per Rule 30(e).