An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-107

Filed: 6 October 2015

Lincoln County, Nos. 08 CRS 52876-78, 11 CRS 290, 292-94

STATE OF NORTH CAROLINA

v.

JIMMY DEAN BLACK

Appeal by Defendant from judgments entered 24 July 2014 by Judge Richard D. Boner in Lincoln County Superior Court. Heard in the Court of Appeals 26 August 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.*

> *Michael E. Casterline for Defendant.*

STEPHENS, Judge.

Defendant Jimmy Dean Black appeals from the judgments entered upon his convictions for multiple sex offenses committed against three minor victims, including his daughter and niece. Black argues that the trial court erred in failing to dismiss one statutory rape charge for insufficiency of the evidence and in allowing an expert to testify that his daughter's normal gynecological exam was "not inconsistent"

with her allegations. We find no error in the trial court's denial of Black's motion to dismiss. We dismiss his second argument as not properly before us.

*Factual and Procedural History*

In 2008, Black lived in a rural area of Lincoln County with his wife, a son, and a daughter, "Dora."[1] Dora, who was born in 1994, and her brother both had special needs and individualized education plans at school. One of Dora's special education classmates, "Sally," spent the night at Dora's home several times while the girls were in middle school. On 6 August 2008, Lincoln County Department of Social Services ("DSS") received a report from a mental health case manager that Sally had engaged in sex with Black at his home. On 8 August 2008, a DSS social worker and a Lincoln County Sheriff's Department ("LCSD") detective interviewed Sally about the report. Sally acknowledged that she, Black, and Black's wife had engaged in a sexual "threesome" and allowed the social worker to make a copy of entries about the incident from Sally's journal. When the social worker and detective went to Black's home to confront him about the allegation, he denied the incident had occurred.

On 11 August 2008, DSS received a report that Black was sexually abusing Dora and removed Dora and her brother from Black's home. On the following day, both Dora and Sally were interviewed at the Children's Advocacy Center and described various sexual offenses that Black had committed against them, both with

---

[1] We use pseudonyms for the victims in this matter in an effort to protect their privacy.

and without the participation of his wife. On 16 August 2008, the DSS social worker received a phone call from the mother of "Mary," one of Dora's cousins who lived nearby and spent a lot of time at Black's home. Mary's mother told the social worker that Mary reported a memory of waking up in bed with Black and his wife. When interviewed, Mary also described two incidents in which Black had sexual intercourse with her, one of which also involved Black's wife.

On 18 August 2008, Black was indicted on five offenses committed against Dora: incest with a child age 14, statutory rape of a child age 14, indecent liberties with a child under age 16, felony child abuse by sexual act, and felony child abuse inflicting serious injury. On 21 February 2011, Black was indicted on four additional charges, these involving crimes committed against Sally: indecent liberties with a child age 13, 14, or 15; conspiracy to commit statutory rape; and two counts of statutory rape of a child age 13, 14, or 15. On the same date, the grand jury also returned indictments charging Black with conspiracy to commit statutory rape, conspiracy to commit incest, and indecent liberties for his sexual abuse of Mary.

The case came on for trial in July 2014, and all three victims testified about Black's sexual abuse of them. The State also presented evidence from, *inter alia*, the detective and social worker who investigated the allegations, and from "Tina," one of Black's former neighbors. Tina testified that, when she was fifteen years old, Black and his wife had given her alcohol and prescription drugs and engaged in a sexual

threesome with her, during which Black had vaginal intercourse with Tina. At trial, Tina stated that she had never told police, social workers, or her parents about the incident, and Black was apparently never charged for sexually abusing Tina.[2] During trial, the State dismissed the charge of conspiracy to commit incest in connection with Black's abuse of Mary, the charge of felony child abuse inflicting serious bodily injury involving Dora, and one count of statutory rape involving Sally.

Nine charges were submitted to the jury with guilty verdicts returned on each offense: incest, statutory rape, indecent liberties, and felony child abuse by sexual act (involving Dora); indecent liberties, conspiracy to commit statutory rape, and statutory rape (involving Sally); and conspiracy to commit statutory rape and indecent liberties (involving Mary). The trial court imposed a sentence of 275 to 339 months in prison on Black's conviction for the statutory rape of Dora, consolidated the remaining convictions for judgment, and imposed a second sentence of 275 to 339 months to be served at the conclusion of the first sentence. Black gave notice of appeal in open court.

---

[2] We note that the trial transcript and some documents in the record on appeal reference file numbers 08 CRS 4567, 11 CRS 291, and 11 CRS 295, and one document in the record on appeal includes the file number 11 CRS 296, but no indictments bearing those file numbers appear in the record. During jury selection, the trial court described Black as being "charged with various counts of statutory rape, statutory sex offense, kidnapping, and conspiracy. The alleged victim of these offenses is [Sally]. He's also charged with taking indecent liberties and conspiracy to commit the crime involving an alleged victim [Mary]. And he is charged with indecent liberties—taking indecent liberties, statutory rape, felony child abuse, and incest; and the alleged victim is [Dora]. And, finally, he's charged with possession of a firearm by a felon." At the close of the State's evidence, the trial court allowed Black's motion to dismiss the firearms charge and also dismissed three charges committed against Sally and described as part of file 11 CRS 291: statutory rape, "sex act," and kidnapping.

*Discussion*

Black first argues that the trial court erred in failing to dismiss the charge of statutory rape involving Dora, contending the State presented no evidence that he had vaginal intercourse with Dora when she was 14 years old.  We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense.  If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation and internal quotation marks omitted), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted).  "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

Under our State's statutory rape statute, "[a] defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person." N.C. Gen. Stat. § 14-27.7A(a) (2013). The indictment against Black for the statutory rape of Dora specifically alleged that Black had vaginal intercourse with Dora when she was 14 years old. At trial, Dora testified about two incidents in which Black had intercourse with her, one that took place when she was 12 years old and the other when she was 14 years old.[3] Black does not dispute that his daughter explicitly and consistently testified that the intercourse that occurred when she was 12 was vaginal. However, Black argued at trial, and contends on appeal, that Dora's testimony regarding her father's sexual penetration of her when she was 14 makes clear that the intercourse was anal rather than vaginal. We conclude that, "in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor[,]"*Rose*, 339 N.C. at 192, 451 S.E.2d at 223, Dora's testimony reasonably could support a jury's conclusion that Black had vaginal intercourse with his daughter when she was 14 years old. *See Fritsch*, 351 N.C. at 378, 526 S.E.2d at 455.

---

[3] Although Dora testified about both incidents of rape at trial, Black was only charged with statutory rape of his daughter in connection with the offense committed when Dora was 14 years old.

As Black concedes, on direct examination, Dora first testified about his vaginal intercourse with her at age 12. Dora next testified about the incident when she was age 14, explaining that Black had entered her room, pulled a condom from his pocket, and then:

> [Dora]: He [Black] told me to get—He told me get on my hands and knees and look back—face backwards, and *he done the same thing again.*

(Emphasis added). Later, when questioned further about the incident when she was age 14, Dora testified:

> Q. What did he do with his penis that had a condom on it?
>
> A. He put it inside my bum, my . . .
>
> Q. So from your backside?
>
> A. Yeah.
>
> Q. And how did it feel?
>
> A. *The same way.*

(Emphasis added). In addition, on redirect, the State introduced the transcript of a hearing from 9 May 2011, for the purpose of corroborating Dora's trial testimony:

> Question: What did your daddy do to you?
>
> Answer: *He touched me and molested me twice.*
>
> Question: What do you mean by that?
>
> Answer: *He put his penis inside my vagina.*

| Question: | And when did he do that to you? |
|---|---|
| Answer: | When I was 12. |
| Question: | Okay. And did he do it—was it both times when you were 12 or were you different ages? |
| Answer: | I was different ages. |
| Question: | Which—Which age were you the first time? |
| Answer: | Twelve. |
| Question: | And which age were you the second time? |
| Answer: | *Fourteen*. |

(Emphasis added).

Based on *Fritsch,* when considered in the light most favorable to the State and in view of Dora's developmental disabilities, a jury could reasonably infer that Dora's testimony on direct examination was an attempt to describe Black having vaginal intercourse with her from behind. *See id.* Even in the light most favorable to Black, if read literally, and without regard to Dora's intellectual disabilities, her testimony was at best contradictory: on the one hand, she testified that Black did the "the same thing" in reference to his having vaginal intercourse with her the second time and, on the other hand, she said he put his penis "inside [her] bum[.]" Such contradictions are for the jury to resolve. *Id.* Accordingly, the trial court did not err in failing to dismiss the charge of statutory rape of Dora.

Black next argues the trial court erred in allowing the State's medical expert to testify that the absence of physical symptoms during Dora's sexual assault exam was not inconsistent with her allegations of sexual abuse by her father. Specifically, Black contends that the expert's testimony was (1) irrelevant and (2) offered for the improper purpose of bolstering Dora's credibility. Because Black failed to object to the challenged testimony the first time it was offered at trial and has failed to argue plain error on appeal, we dismiss this argument.

"In order to preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent." *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991); *see also* N.C.R. App. P. 10(a)(1). However, in certain circumstances, even an objection timely made at trial may not preserve an issue for appellate review. For example, a defendant's failure to object at trial on the grounds argued on appeal waives the issue for appellate review even if the defendant objected on other grounds at trial. *See State v. Taylor*, 128 N.C. App. 394, 398, 496 S.E.2d 811, 814, *affirmed per curiam*, 349 N.C. 219, 504 S.E.2d 785 (1998). Further, it is well established that, "[w]here evidence is admitted over objection and the same evidence has been previously admitted . . . without objection, the benefit of the objection is lost." *State v. Perry*, 159 N.C. App. 30, 36, 582 S.E.2d

708, 713 (citation and internal quotation marks omitted), *disc. review denied*, 357 N.C. 510, 588 S.E.2d 469 (2003).

Here, Black challenges the following exchange, which occurred during the State's redirect examination of Jodi Cuciniello, M.D., who performed a sexual assault exam on Dora on 15 August 2008 and who was accepted at trial as an expert on such exams:

| | |
|---|---|
| [The State:] | Your examination was not inconsistent with the allegations— |
| [Defense Counsel]: | Well, objection to that question. |
| THE COURT: | Overruled. |
| [The State:] | Your examination was not inconsistent with [Dora's] allegations; isn't that correct? |
| [Cuciniello:] | Was not inconsistent with [Dora's] allegations. I did not see any—I'm trying to think—Her exam was a normal exam, which is not unusual, whether she had been abused, because it's not unusual to have a normal exam when I do these exams, even if there has been abuse for years and years because the area just heals so quickly. |

We first note that Black offered only a general objection to the State's question, without specifying the grounds for the ruling he sought, and, given that Black argues two different bases for inadmissibility on appeal, we cannot say that the specific grounds for his objection were apparent. *See Eason*, 328 N.C. at 420, 402 S.E.2d at

814.  More critically, however, our review of the transcript reveals that Black did not object when Cuciniello offered virtually identical testimony on direct examination:

> Q. So when you examined [Dora], did you see any acute trauma at that time?
>
> A. No.  She had a completely normal exam.
>
> Q. And did you expect to find acute trauma?
>
> A. No, not in this case.
>
> Q. Okay.  And why not?
>
> A. Because this has been from my understanding, what I had been told, the concern, this had been going on for quite some time.  And it just heals so quickly that I didn't anticipate to seeing anything.
>
> Q. So that would be not inconsistent with what was reported to you; is that correct?
>
> A. That's correct.

Because "the same evidence ha[d] been previously admitted . . . without objection, the benefit of the objection [to Cuciniello's testimony on redirect examination] is lost." *See Perry*, 159 N.C. App. at 36, 582 S.E.2d at 713.  An issue not properly preserved for appellate review "may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4).  However, where a defendant fails to argue plain error, the "issue has been waived on appeal and [must be] dismissed." *State v. Wright*, 210 N.C. App. 697, 703, 709 S.E.2d 471, 475 (citation omitted), *disc. review denied*,

- 11 -

365 N.C. 332, 717 S.E.2d 394 (2011).  Black does not argue plain error on appeal. Accordingly, we dismiss his argument regarding Cuciniello's testimony.

NO ERROR IN PART; DISMISSED IN PART.

Judges MCCULLOUGH and ZACHARY concur.

Report per Rule 30(e).